**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| HARVEY J. ROBBEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-1148-WEB |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the ) | |
| Social Security Administration ) | |
| ) | |
| Defendant. ) | |

<u>MEMORANDUM AND ORDER</u>

Plaintiff seeks judicial review of the Defendant's decision to deny disability insurance benefits under Title II. See 42 U.S.C. § § 1381 et seq. A review of the record reveals that Plaintiff filed for these benefits on July 11, 2001 reporting an inability to work since May 29, 2001. (R. at 22, 66). A hearing was held in front of administrative law judge (ALJ) Dayton on March 18, 2003. (Id. at 485). At the time of the hearing Plaintiff was 52 years old. (Id. at 493). The ALJ followed the five-step sequential analysis found at 20 C.F.R. § 404.1520. (Id. at 22).

According to the ALJ, the medical evidence established that Plaintiff has medically determinable severe impairments of speech and language delays, status post cerebrovascular accident-stroke and right shoulder injury status post carotid endarterectomy. (Id. at 24). Next he found that Plaintiff's severe impairments did not meet or exceed the criteria for any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.). The ALJ determined Plaintiff's residual functional capacity (RFC) and found that Plaintiff's impairments preclude him from doing past work. (Id. at 25). A Vocational Expert

(VE) testified that Plaintiff's RFC allowed for light and sedentary work and there are substantial numbers of those jobs in the national economy. (Id. at 26). A decision denying Plaintiff benefits was issued on April 21, 2003. (Id.). Plaintiff requested review by the Social Security Appeals Council and produced a letter by Plaintiff's treating physician supporting Plaintiff's claims. The Appeals Council denied Plaintiff's request for review on March 12, 2004, making the decision of the ALJ the final Agency decision. (Id. at 6); 20 C.F.R. § 404.981.

Plaintiff argues the Social Security Appeals Council erred by failing to consider the medical opinions of the treating physician, Dr. Terry. Plaintiff also argues that the ALJ erroneously found Plaintiff only partially credible. Plaintiff finally argues that the Agency failed to correctly determine his RFC.

## I. Standard

The Court must affirm the Commissioner's final decision if it is supported by substantial evidence. 42 U.S.C. § 405(g); *White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2002). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias v. Secretary of HHS,* 933 F.2d 799, 800 (10th Cir. 1991) quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Our role is not to reweigh the evidence or substitute our judgment for that of the Commissioner. *White*, 287 F.3d at 905. The Commissioner's decision is not subject to such deference and reversal may be appropriate if the Commissioner applied an incorrect legal standard. *Casias*, 933 F.2d at 801.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or

last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  42 U.S.C. § 423(d)(1)(A).  The claimant's physical or mental impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of SGA which exists in the national economy.  42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  20 C.F.R § 404.1520(a)(4).  At step one, the agency will find non-disability if claimant is engaged in SGA.  20 C.F.R § 404.1520(a)(4)(i).  At step two, the claimant must show a severe disability. 20 C.F.R § 404.1520(a)(4)(ii).  A severe disability is defined as an impairment which significantly limits a claimant's physical or mental ability to do basic work activity.  20 C.F.R § 404.1520(c).  At step three, the agency determines whether the severe impairment meets or equals the impairments and the duration requirements in Appendix 1 of 20 C.F.R. and if it does, the claimant will be found disabled. 20 C.F.R § 404.1520(a)(4)(iii).  If the impairment does not meet the standards in step three, the agency continues to step four and assesses whether the claimant can do her previous work and if so, then she will not be disabled.  20 C.F.R § 404.1520(a)(4)(iv).  At step five, the agency considers a claimant's RFC, age, education and past work experience to determine if claimant is capable of performing other work in the national economy.  20 C.F.R § 404.1520(a)(4)(v).

The claimant bears the burden of proof through step four of the analysis.  *Nielson v. Sullivan,* 992 F.2d 1118, 1120 (10th Cir. 1993).  At step five, the burden shifts to the agency.  *Id.*  Before going from step three to step four, the agency must assess the claimant's RFC.  20 C.F.R § 404.1520(a)(4).

<u>II.  Treating Physician's Opinions</u>

Plaintiff argues that the Social Security Appeals Council erred by refusing to properly consider the letter written by Plaintiff's treating neurologist, Dr. Terry.  The Appeals Council received Dr. Terry's letter and wrote "[w]e found that this information does not provide a basis for changing the Administrative Law Judge's decision."  (R. at 6-7).

The applicable regulations require the Appeals Council to consider evidence submitted in support of a request for review if the additional evidence is (a) new; (b) material; and (c) relates to the period on or before the date of the ALJ hearing decision.  20 C.F.R. §§ 404.970(b); 404.976(b)(1); *O'Dell v. Shalala,* 44 F.3d 855, 859 (10th Cir. 1994).  "Evidence is new within the meaning of [404.970(b)] if it is not duplicative or cumulative."  *Wilkins v. Secretary, Dep't of Health & Human Servs.*, 953 F.2d 93, 95-96 (4th Cir. 1991).  Evidence is material to the determination of disability "if there is a reasonable possibility that [it] would have changed the outcome."  *Id.* at 96. Whether Dr. Terry's letter qualifies as new, material and chronologically relevant is a question of law.  *Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995).  "If the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings." *Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004) quoting *Lawson v. Chater*, 1996 U.S. App. LEXIS 9239, No. 95-5155, 1996 WL 195124 (10th Cir. Apr. 23, 1996).

Plaintiff first argues that the Agency failed to consider Dr. Terry's description of Plaintiff's reduced ability to concentrate, constant fatigue and speech difficulty.  These symptoms are not new as they are already present in other documents in the record, some of which are signed by Dr. Terry. (R. 481, 372-373, 239, 408-422, 247-248, 387).

Plaintiff next argues that the Agency failed to consider Dr. Terry's comments that Plaintiff would

4

have difficulties performing his job given his likely frustration with his impaired ability to speak and concentrate. Dr. Terry stated that Plaintiff would likely need more than two absences a month as a result of constant fatigue. (Id. at 482). Dr. Terry also opined that he did not believe Plaintiff could be a reliable employee. (Id.). Dr. Boll, a licensed psychologist, and Dr. Berner, a consultative doctor, each gave opinions on Plaintiff's endurance and ability to work. (Id. at 375, 387). Dr. Terry's statements about Plaintiff's capability are new because while others assessed Plaintiff's capabilities none had an assessment similar to Dr. Terry's.

To determine if Dr. Terry's statements are also material we must turn to the regulations. When assessing an RFC the Agency "will consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations." See 20 CFR § 404.1545(a)(3). Dr. Terry's comments are specifically directed at Plaintiff's ability to work given his well documented symptoms of fatigue and speech impairments. Dr. Terry's comments would be relevant when determining Plaintiff's RFC as this is further evidence from a treating doctor about Plaintiff's capabilities.

Next Dr. Terry stated that Plaintiff's right shoulder injury has caused thoracic nerve neuropathy and atrophy of muscles in his right shoulder. (R. at 482). There is other information in the record from three doctors, including Dr. Terry, regarding Plaintiff's shoulder injury; therefore, it is not new. (Id. at 164, 162, 238, 376, 379).

Even though Dr. Terry's letter revealed no new medical problems, he expressed a medical opinion relating to Plaintiff's ability to function with this impairment. Dr. Terry stated in his letter that Plaintiff would be precluded from prolonged use of the hand and arm including grasping and handling. (Id. at 482-483).

5

This is new information that is not otherwise in the record and it would be material when assessing Plaintiff's RFC.  See 20 CFR § 404.1545(a)(3).

The Court finds that the Appeals Council decision does not show that it adequately considered Dr. Terry's letter.  See 20 C.F.R. § 416.927(d)(2) (We will always give good reasons in our notice of determination or decision for the weight we give your treating sources's opinions).  "We must remand because we cannot meaningfully review the ALJ's determination absent findings explaining the weight assigned to the treating physician's opinion."  *Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir.2003).  On remand, the Agency will consider Dr. Terry's comments regarding Plaintiff's ability to work and ability to use his right hand and arm.  Dr. Terry's comments in the January 2004 letter regarding Plaintiff's symptoms of fatigue, speech impairments and shoulder pain are not new or material; therefore, the Agency need not consider them.

Defendant argues that Dr. Terry's opinion does not deserve controlling weight because it does not meet the factors listed in *Watkins*, 350 F.3d at 300-1301.  See also 20 C.F.R. § 404.1527(d); S.S.R. 96-2p.  This Court will not supply possible reasons for giving more or less weight to Dr. Terry's statements as the Agency's disability finding shall only be evaluated based on the reasons stated in the decision.  *Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004).  The Agency decision is lacking in meaningful analysis and must be remanded.

### III. Credibility Analysis

The ALJ found Plaintiff to be partially credibly.  (R. at 24).  Plaintiff argues that the ALJ failed to conduct a proper credibility analysis because he: A) did not appreciate that Plaintiff completed the Wichita

State University (WSU) homework as therapy to improve his condition after the stroke and that completing the homework takes a long time; B) did not consider that Plaintiff earned $7,376.83 per month before his alleged disability while he would receive only $958.60 per month on disability; and C) did not consider Dr. Terry's statement that Plaintiff was credible.

In his response brief, Plaintiff raised new issues disputing the validity of the credibility determination. The general rule is that the Court will not consider issues raised for the first time in a reply brief. *Plotner v. AT&T Corp.*, 224 F.3d 1161, 1175 (10th Cir. 2000). However, because these new arguments are meritless, the Court will address them. Plaintiff argues that D) Ms. Scherz's statement was made two years after the stroke and Plaintiff only need to show a disabling condition for one year to be entitled to benefits; E) the ALJ failed to ascertain how much time Plaintiff needed to recover from the chores and activities listed in the Daily Activities List; F) the ALJ erred when evaluating Plaintiff's complaints of shoulder pain by failing to address evidence that supports Plaintiff's claim; and G) the ALJ did not explain how maintaining a consistent daily schedule contradicts Plaintiff's claim of memory loss. These errors allegedly resulted in a flawed credibility analysis.

> In recognition of the fact that an individual's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence alone, 20 C.F.R. 404.1529(c) and 416.929(c) describe the kinds of evidence, including the factors below, that the adjudicator must consider in addition to the objective medical evidence when assessing the credibility of an individual's statements:
>     1. The individual's daily activities;
>     2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>     3. Factors that precipitate and aggravate the symptoms;
>     4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>     5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;

> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 or 20 minutes every hour, or sleeping on a board); and
> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. SSR 96-7p.

All but one of Plaintiff's arguments fail because the ALJ conformed to SSR 96-7p as well as other standards elucidated below when evaluating Plaintiff's credibility.

A. Speech Therapy

Plaintiff argues that the ALJ erred because there is no evidence that he considered that it took Plaintiff most of the morning to complete his speech homework and that it was assigned as therapy due to his stroke. "The ALJ need not discuss every relevant factor in evaluating pain testimony." *Bates v. Barnhart,* 222 F Supp. 2d 1252, 1260 (D. Kan. 2002). Plaintiff's claim that the ALJ failed to consider that the WSU homework was done as remedial therapy is specious. The ALJ described Plaintiff's stroke and the subsequent speech therapy to improve his stroke induced impaired speech. (R. at 23); SSR 96-7p (ALJ must consider treatment claimant seeks for symptoms). The ALJ need not mention this obvious remedial purpose every time he mentions Plaintiff's homework or speech therapy. The ALJ specifically mentioned that Plaintiff completes his speech homework in the credibility analysis. Plaintiff fails to argue though why the ALJ needed to state that Plaintiff spent much of the morning doing homework. The ALJ acknowledged Plaintiff's language and speech delays. (R. at 25). Even if the specific amount of time Plaintiff did spend on homework was relevant, it is not error for the ALJ to fail to mention this. The ALJ must consider all the factors but he need not discuss each one. *Clifton v. Chater*, 79 F.3d 1007, 1009-1010 (10th Cir. 1996).

Plaintiff also claims that the ALJ did not consider comments by Professor Scherz that were favorable to the Plaintiff. The record shows that the ALJ discussed Plaintiff's activities with the WSU speech clinic including the statements that Plaintiff argues were not considered. (R. at 23, 460). It appears that Plaintiff disagrees with the weight the ALJ gave Ms. Scherz's statements; however, the Court may not reweigh the evidence or substitute our judgment for the agency. *Casias,* 933 F.2d at 800.

B. Plaintiff's Past Earnings

Plaintiff fails to state the relevance of Plaintiff's past earnings or why the ALJ should have considered this. While it is true that Plaintiff earned much more in his previous job than he would earn if he were to be found disabled, Plaintiff cannot return to his previous employment anyway as his employer stated that he can no longer perform his old job due to his impairments. (R. at 508, 25). It cannot be error for failing to mention Plaintiff's past earnings if it has no bearing on the credibility analysis. See 96-7p.

C. Dr. Terry's Credibility Assessment

Dr. Terry stated in his letter, "I have found that Mr. Robben [] very credible patient. I do not detect that he is enthusiastic about disability or that he is looking for a free ride. His complaints are justified by his medical condition." (Id. at 483). Plaintiff argues that the Agency erred by failing to consider Dr. Terry's statement. "When the Appeals Council makes a decision, it will follow the same rules for considering opinion evidence as administrative law judges follow." 20 C.F.R. § 404.1527(f)(3). When evaluating pain symptoms the Agency "will consider all of the evidence presented..." 20 C.F.R. § 404.1529; SSR 96-7p (In determining credibility, the adjudicator must consider the entire case record

9

including statements by treating physicians). "Unless good cause is shown to the contrary, the Secretary must give substantial weight to the testimony of the claimant's treating physician." *Byron v. Heckler,* 742 F.2d 1232, 1235 (10th Cir. 1984). The Appeals Council did not show that it considered Dr. Terry's statement supporting claimant's credibility. (R. at 6-7); See *Martens v. Chater,* 1996 U.S. Dist. LEXIS 20081 (D. Kan. 1996). A treating physician's medical opinion must be considered and any decision without such consideration is not supported by substantial evidence. 20 C.F.R. § 404.1527.

D.  Statements made one year after disability

Ms. Scherz made statements 22 months after the stroke. Plaintiff argues that he only needs to show a disabling condition for one year to be entitled to benefits; therefore, Ms. Scherz's comments are irrelevant. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R § 404.1509. While Ms. Scherz wrote her statement in March 2003, Plaintiff has been a client at the WSU Speech-Language Hearing Clinic since February 4, 2002, a little over eight months after Plaintiff's alleged date of disability on May 29, 2001. Therefore, Ms. Scherz's statements are relevant to the inquiry of whether Plaintiff has an impairment that lasted at least 12 months.

E.  ALJ did not fully develop the record.

Plaintiff argues that the ALJ failed to ascertain how much time Plaintiff needed to recover from the chores and activities listed in the Daily Activities List. "At the hearing, the administrative law judge looks fully into other issues, questions you and the other witnesses, and accepts as evidence any documents that are material to the issues." 20 C.F.R. § 404.944. Plaintiff fails to state how this information is material or

new. There is abundant information in the Record showing that Plaintiff was fatigued and tired. (R. at 132, 116, 125, 239, 247, 372). The record was already developed as to this issue and the ALJ did not err by failing to ask Plaintiff about specific recovery times of individual activities.

F.  Shoulder Pain

Where there is evidence of disabling pain, the test elucidated in *Luna v. Bowen,* 834 F.2d 161 (10th Cir. 1987) provides the proper analysis. *Luna* states that the ALJ must consider whether 1) a Claimant has established a pain producing impairment by objective medical evidence; 2) if so, whether there is a loose nexus between the proven impairment and the Claimant's subjective allegations of pain; and 3) if so, whether considering all the evidence, both objective and subjective, Claimant's pain is in fact disabling. *Id.* at 164-165.

Plaintiff claims that the ALJ erred by failing to state why Plaintiff's ability to lift 24 cans of soda and perform physical therapy exercises for his right shoulder makes Plaintiff less credible. The ALJ's analysis satisfies the third prong in the test elucidated in *Luna v. Bowen*, 834 F.2d 161 (10th Cir. 1987) because it shows the pain is not disabling and it shows that Plaintiff still has use of his arm and shoulder. (R. at 24). He also states that Plaintiff alleges some shoulder pain and has acknowledged that this pain has decreased.

Plaintiff next argues that the ALJ's credibility analysis was flawed because he did not consider evidence showing Plaintiff to be credible. "A credibility assessment necessarily requires consideration of all the factors 'in combination'" *Kent v. Apfel*, 75 F. Supp. 2d 1170, 1185 (D. Kan. 1999) quoting *Huston v. Bowen,* 838 F.2d 1125, 1132 n7 (10th Cir. 1988). Specifically, the ALJ failed to mention that Plaintiff's right arm has pain when he opens a door and that his shoulder hurts after mowing for an hour.

11

(R. at 498-499). Plaintiff's allegation is contrary to the record as the ALJ specifically stated "[t]he claimant performs some household chores, such as mowing grass for at least one hour before having pain." (Id. at 25).

Plaintiff's testimony that there is pain when he opens a door is not mentioned specifically in the ALJ's decision; however, there is evidence that the ALJ considered Plaintiff's shoulder pain. The objective medical evidence is stated in detail as well as subjective complaints of shoulder pain in the final paragraph on page 23. (Id. at 23). Additionally, the transcript shows that upon hearing that Plaintiff had pain opening a door the ALJ inquired further and Plaintiff responded that he could lift 24 cans of soda and this is what the ALJ used in his credibility determination. (Id. at 498-499). This conforms to the standard set out in SSR 96-7p because the ALJ inquired to determine the location, duration, frequency, and intensity of the individual's pain. Additionally, the ALJ must consider all the factors, such as the comments about shoulder pain, but he need not discuss each one. *Clifton*, 79 F.3d at 1009-10010.

### G.  Memory Loss

Plaintiff alleges that the ALJ did not explain how maintaining a consistent daily schedule contradicts Plaintiff's claim of memory loss. (R. at 25). It is a reasonable inference that an ability to maintain a consistent daily schedule shows an ability to remember those activities and their order in the day.  See SSR 96-7p (Individual's daily activities can be used to assess the veracity of an individual's statements on the severity of symptoms).

In sum, the failure to consider Dr. Terry's opinion as discussed earlier renders the Agency's credibility determination flawed. On remand, the Agency shall consider Dr. Terry's credibility statements

to support its decision by substantial evidence. *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). The Agency is reminded that the Court's decision does not dictate a particular result. "Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case." *Id.* (internal quotations and citations omitted).

## VI.  Support for RFC

"Your residual functional capacity is the most you can still do despite your limitations. We will assess your [RFC] based on all relevant evidence in your case record." 20 C.F.R. § 404.1525(a); see also SSR 96-8p.  Plaintiff argues that the RFC is not supported by the evidence because the Appeals Council failed to consider the limitations given by Dr. Terry.  SSR 96-8p.  The Agency will consider Dr. Terry's statements as discussed earlier in this opinion and if necessary re-assess Plaintiff's RFC.

It is therefore ORDERED that Plaintiff's appeal from the decision of the Commissioner of Social Security (Doc. 1) be GRANTED and the decision of the Commissioner of Social Security be REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g).

SO ORDERED this 23rd  day of March 2005.

 s/ Wesley E. Brown
Wesley E. Brown, U.S. Senior District Judge